UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BARBARA K.,

                                      Plaintiff,

v.                                                                        5:20-CV-0166 (ML)

COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.
_____

APPEARANCES:                                                     OF COUNSEL:

OLINSKY LAW GROUP                                HOWARD OLINSKY, ESQ.
  *Counsel for Plaintiff*
250 S. Clinton Street, Suite 210
Syracuse, New York 13202

U.S. SOCIAL SECURITY ADMIN.                MOLLY E. CARTER, ESQ.
  *Counsel for Defendant*
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203

MIROSLAV LOVRIC, United States Magistrate Judge

## **DECISION AND ORDER**

On February 17, 2022, counsel for Plaintiff in this action submitted a motion for attorneys' fees. (Dkt. No. 16.) Defendant submitted a response to the motion. (Dkt. No. 17.) Plaintiff obtained leave of the Court and filed a reply. (Dkt. No. 20.) Defendant obtained leave of the Court and filed a sur-reply. (Dkt. No. 23.) For the reasons set forth below, Plaintiff's motion is granted.

I.  **BACKGROUND**

Plaintiff filed a Complaint in this matter on February 18, 2020, seeking review of the Commissioner's determination denying Plaintiff's application for Social Security Disability Insurance. (Dkt. No. 1.) The parties filed motions for judgment on the pleadings. (Dkt. Nos. 9, 10.) On March 26, 2021, the Court granted Plaintiff's motion, remanded the matter for a calculation of benefits, and entered judgment in favor of Plaintiff. (Dkt. Nos. 11, 12.) The parties stipulated to Plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA") and the Court ordered such attorneys' fees awarded. (Dkt. Nos. 14, 15.) At that time, $7,000.00[1] was awarded to Plaintiff's counsel. (Dkt. No. 15.) Upon review of the matter on remand, a favorable decision awarding Plaintiff benefits was rendered. (Dkt. No. 16, Attach. 3.) Plaintiff's counsel has now filed this motion. (Dkt. No. 16.)

Plaintiff's counsel seeks attorneys' fees in the amount of $34,311.00, of which, he would remit to Plaintiff the sum of $19,329.21, previously awarded from the EAJA fees. (Dkt. No. 16, Attach. 1.)

II.  **DISCUSSION**

  A.  **Timeliness**

Pursuant to *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019), the limitations period for filing a motion under § 406(b) is found in Fed. R. Civ. P. 54(d)(2)(B). *Sinkler*, 932 F.3d at 87-88. That rule requires that a motion for attorneys' fees be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Where the "judgment" in question is a

---

[1] In total, Plaintiff's counsel has been awarded $19,329.21 in attorneys' fees pursuant to the EAJA based on orders awarding attorneys' fees in other actions brought on behalf of Plaintiff. (Dkt. No. 16, Attach. 1 at ¶ 2 [citing 5:15-CV-0748, Dkt. No. 17; 5:17-CV-0237, Dkt. No. 21].)

remand for further administrative proceedings, the limitations period is subject to equitable tolling until the "conclusion of the remand proceedings." *Sinkler*, 932 F.3d at 86.  Tolling is necessary because "parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award." *Id.* at 88.  "Once counsel receives notice of the benefits award"—and therefore "the maximum attorney's fees that may be claimed"—the fourteen-day period starts, "just as it would apply to any other final or appealable judgment." *Id.*  Additionally, under Fed. R. Civ. P. 60(d), a document is deemed received three days after mailing.  District courts are "empowered to enlarge that filing period where circumstances warrant." *Id.* at 89.

Here, the Notice of Award was issued on January 30, 2022, and is stamped as received by Plaintiff's counsel on January 31, 2022.  (Dkt. No. 16, Attach. 3 at 2.)  Plaintiff's counsel, Mr. Olinsky, acknowledged that his motion was filed seventeen days after receipt of the Notice of Award, but argues that his motion should nonetheless be deemed timely pursuant to this District's General Order 18 and Local Rule 54.4, which direct motions for attorneys' fees pursuant to 42 U.S.C. § 406(b) to be filed within sixty days from the date that the plaintiff's counsel of record was notified of the final notice of award.

Under these circumstances, the Court will not reject Plaintiff's motion as untimely.  "The Court exercises its discretion to permit the motion, in light of the short delay and lack of prejudice." *Stephanie P. v. Comm'r of Soc. Sec.*, 19-CV-0006, 2021 WL 951677, at *2 (W.D.N.Y. Mar. 12, 2021) (citing *Sinkler*, 932 F.2d at 89-90 (explaining that the 14-day rule "is not absolute")); *see Blair v. Saul*, 15-CV-0307, 2020 WL 2744108, at *3 (W.D.N.Y. May 27,

2020) (exercising the court's "discretion to extend Rule 54(d)'s 14-day filing period in this instance" because "there does not appear to be prejudice to either party.").[2]

**B.     Reasonableness**

The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).  This Section "calls for court review of [contingent fee] arrangements as an independent check to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  The court "must give due deference to the intent of the parties, but it ought not blindly approve every fee request made pursuant to a contingent agreement." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

"[A] requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable." *Wells*, 907 F.2d at 370.  In determining whether a fee is

---

[2]   Despite this finding, the Court finds persuasive Defendant's argument that this District's "General Order and Local Rules must yield because they are inconsistent with the Second Circuit's interpretation of the Federal Rules of Civil Procedure." (Dkt. No. 23 at 1-2.)  Although the Second Circuit in *Sinkler* permitted district courts to enlarge the filing period, it limited the authority to grant such enlargements "where the circumstances warrant." *Sinkler*, 932 F.3d at 89 (citing *Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010); *Pierce v. Barnhart*, 440 F.3d 657, 664 (5th Cir. 2006); *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 n.2 (11th Cir. 2006)).  The Second Circuit further cautioned that "courts cannot adopt local rules or orders that are inconsistent with federal rules of civil procedure" however "where, as here, the rule itself affords courts the discretion to alter a specified filing time, we will generally defer to a district court in deciding when such an alteration is appropriate **in a particular case** as, for example, when a party needs more time to assemble and file the administrative record." *Id*. at 89-90 (emphasis added).  As a result, Attorney Olinsky is advised that, in the future, motions for attorneys' fees pursuant to 42 U.S.C. § 406(b) should be filed pursuant to the deadlines set forth in Fed. R. Civ. P. 54(d)(2)(B) and *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019).

reasonable, a court should consider whether the attorney is responsible for a delay in the proceedings, as well as "whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372; *Gisbrecht v. Barnhart*, 535 U.S. at 808.  In determining whether an award would constitute a windfall,

> courts in this circuit have identified several relevant considerations, which include: (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Porter v. Comm'r of Soc. Sec.*, 06-CV-1150, 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009) (Lowe, M.J.) (quoting *Rowell v. Astrue*, 05-CV-1592, 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008)).  If the court finds the fee is unreasonable, the court "may reduce the fee provided it states the reasons for and the amounts of the deductions." *Porter*, 2009 WL 2045688, at *2.*

Here, the contingency fee agreement provides in pertinent part that "I understand that my federal court attorney . . . has the right to ask the court to award my remaining balance of 25% of my past-due benefits ('406(b) fees') for representing me in federal court."  (Dkt. No. 16, Attach. 2 at 2.)  The amount requested does not exceed the 25% cap, and there is no evidence of fraud or overreaching.

Plaintiff's counsel seeks $34, 311.00, and expended 22.8 hours of paralegal time and 87.6 hours of attorney time, resulting in a *de facto* attorney hourly rate of $365.65.[3]  This rate is

---

[3]    "Although the Court cannot rely on the lodestar method to determine whether the fees sought are reasonable, Plaintiff's counsel's record of the time he expended in federal court and the tasks that he performed related to the federal court litigation is one factor that the Court may

within the range that has been awarded as attorneys' fees in this type of case. *Melinda P. v. Saul*, 16-CV-1495, 2020 WL 5909062 at *2 (N.D.N.Y. Oct. 6, 2020) (Stewart, M.J.) (citing *Eric K. v. Berryhill*, 15-CV-0845, 2019 WL 1025791, at *2 (N.D.N.Y. Mar. 4, 2019) (Sannes, J.) (awarding attorneys' fees at a *de facto* hourly rate of $1,500); *Flipkowski v. Barnhart*, 06-CV-1449, 2009 WL 2426008, at *2 (N.D.N.Y. Aug. 6, 2009) (Sharpe, J.) (awarding attorneys' fees at a *de facto* hourly rate of $743.30)) (awarding attorneys' fees at a *de facto* hourly rate of $625.37); *see also Teri L. v. Comm'r of Soc. Sec.*, 18-CV-0560, 2020 WL 777213, at *2 (N.D.N.Y. Feb. 18, 2020) (D'Agostino, J.) (finding *de facto* hourly rate of $486.93 reasonable); *David B. v. Saul*, 17-CV-1242, 2019 WL 6123780, at *3 (N.D.N.Y. Nov. 19, 2019) (Stewart, M.J.) (*de facto* hourly rate of $494.98); *Sarah L. v. Colvin*, 14-CV-0831, 2018 WL 6178486, at *3 (N.D.N.Y. Nov. 27, 2018) (Suddaby, C.J.) (*de facto* hourly rate of $650). In any event, "the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan*, 907 F.2d at 371. As for the effort expended by the attorney, this is not a case in which the matter was simply remanded upon stipulation of the parties; counsel prepared a motion for judgment on the pleadings which resulted in the matter being remanded for a calculation of benefits. Counsel's motion for judgment on the pleadings discussed the material facts and applicable law. The record establishes that the matter was handled efficiently which is an important relevant consideration. *Teri L.*, 2020 WL 777213, at *2 ("there is no doubt that this case was handled efficiently, at least in part, because of counsel's experience with social security cases"); *Eric K.*, 2019 WL 1025791,

---

consider in determining reasonableness." *Whittico v. Colvin*, 09-CV-0907, 2014 WL 1608671, at *5 (N.D.N.Y. Apr. 22, 2014) (Scullin, J.).

at *2 ("[Counsel's] experience representing Social Security claimants likely contributed to the efficiency with which he handled this case and that it would have required more time from an inexperienced attorney."). In addition, Plaintiff has been awarded significant benefits as a result of the litigation. (Dkt. No. 16, Attach. 3.) Further, in reviewing counsel's time log, it generally appears to reflect appropriate attorney work properly recorded. The Court therefore finds that the amount requested would not constitute a windfall.

For the reasons set forth above, the motion for attorneys' fees is granted.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for attorneys' fees (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that Attorney Olinsky is awarded the sum of $34,110.00 as fees pursuant to 42 U.S.C. § 406(b), to be paid from the amount withheld by the Commissioner of Social Security from the past due benefits awarded to Plaintiff; and it is further

**ORDERED** that Attorney Olinsky is directed to remit to Plaintiff the sum of $19,329.21 that was previously awarded as attorneys' fees pursuant to the EAJA, and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action in accordance with the Local Rules.

Dated: June 27, 2022
Binghamton, New York

_____
Hon. Miroslav Lovric
United States Magistrate Judge